IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00591-KLM

JOHN DOUGLAS CALKINS,

   Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

   Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on the **Social Security Administrative Record** [#9],[2] filed April 29, 2019, in support of Plaintiff's Complaint [#1] seeking review of the decision of the Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq. On June 10, 2019, Plaintiff filed an Opening Brief [#15] (the "Brief"). Defendant filed a Response [#16] in opposition, and Plaintiff filed a Reply [#17]. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See* [#11, #18].

[2] "[#9]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

set forth below, the decision of the Commissioner is **REVERSED** and **REMANDED**.

## I. Background

Plaintiff alleges that he became disabled on September 30, 2014. Tr. 13.[3] On June 9, 2015, Plaintiff filed an application for disability and disability insurance benefits pursuant to Title II. Tr. 13. On May 30, 2018, an Administrative Law Judge (the "ALJ") issued an unfavorable decision. Tr. 21.

The ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2016, and that Plaintiff had not engaged in substantial gainful activity ("SGA") from his alleged onset date of September 30, 2014. Tr. 15. The ALJ found that Plaintiff suffers from three severe impairments: (1) chronic peripheral nystagmus and vestibular dysfunction; (2) near total vision loss in the right eye with residual monocular vision; and (3) status-post left ankle fusion. Tr. 15. However, the ALJ also found that these impairments, individually or in combination, do not meet or medically equal "the severity of one of the listed impairments in 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." Tr. 16. The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform medium work with additional restrictions:

> can occasionally climb ramps and stairs and but [sic] can climb never [sic] ladders, ropes or scaffolds; can occasionally twist, bend, kneel, squat, crawl and balance; should avoid concentrated exposure to loud noise and even moderate exposure to work hazards such as moving machinery or unprotected heights; and, has no right sided depth perception or peripheral vision.

Tr. 16. Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff was unable to perform any past relevant work but could perform the

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 9 through 9-7 by the sequential transcript numbers instead of the separate docket numbers.

representative occupations of cook helper, kitchen helper, and hand packager. Tr. 19-20. She therefore found Plaintiff not disabled at step five of the sequential evaluation. Tr. 20. The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. § 404.981.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or

combination of impairments does not require a finding that an individual is disabled within the meaning of the Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)). In other words, the Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*" *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.    Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled,

evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Id.* 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him or her] from performing [his or her] past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether [he or she] possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

B.  **Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d

1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. Analysis

Plaintiff argues that the ALJ erred because (1) substantial medical evidence supports a finding that Plaintiff's vestibular disturbance meets Listing 2.07; (2) the ALJ failed to comply with controlling law at step three; and (3) the weight accorded to the physicians' records was improper. *Brief* [#15] at 4-13. Plaintiff asserts that all three arguments pertain to error at step three and that the last argument further pertains to error at step five. *See id.*

**A.     Step Three**

At step three of her decision, the ALJ stated:

> The claimant has no impairment or combination of impairments which meets the criteria of any of the listed impairments described in Appendix 1 of the Regulations (20 C.F.R., Part 404, Subpart P, Appendix 1). First, it is noted that no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment. Moreover, the claimant's attorney does not assert that the claimant meets or equals any listing. Also, as part of their case review, State agency physicians and/or psychologists,

review each claim to determine, in pertinent part, whether a claimant meets or equals any listing of impairment. These non-examining medical and/or psychological sources are highly qualified experts in Social Security disability evaluation. If it is determined that the claimant meets or equals a given listing, then a favorable determination is made at the State agency level. Any further assessment made by these experts constitutes an implied medical opinion that the claimant does not meet or equal any listing (SSR 96-6p, 20 CFR 404.1527(f) and 416.927(f)). Thus, the State agency assessment at Exhibit 2A is a medical opinion that the claimant does not meet or equal any listing of impairment.

Tr. 16. At the outset, the Court takes note of *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996), where the ALJ failed to identify the relevant Listing(s) and failed to discuss the evidence or his reasons for determining that the claimant was not disabled at step three. The Tenth Circuit Court of Appeals there held that the ALJ's "bare conclusion" that the claimant's "impairments did not meet or equal any Listed Impairment" was "beyond meaningful judicial review." *Clifton*, 79 F.3d at 1009.

The Court first rejects Plaintiff's argument that the ALJ committed reversible error by failing to identify the relevant Listing. *Brief* [#15] at 8-9. Although a Listing was not stated in her decision, the ALJ explicitly cited to the State agency assessment that considered Listings 2.02, 2.07, and 2.10 and which found that Plaintiff's impairments did not meet or equal any of them. Tr. 16 (citing Tr. 53-64). This citation shows that the ALJ was aware of the potentially applicable Listings, including the one that Plaintiff here argues is relevant, i.e., Listing 2.07. *See Fischer–Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005) ("*Clifton* sought only to ensure sufficient development of the administrative record and explanation of findings to permit meaningful review.").

Thus, the Court turns to Plaintiff's argument that the ALJ erred by failing to find that he met or equaled the requirements of Listing 2.07. *Brief* [#15] at 4-8, 10-13. Listing 2.07 concerns "[d]isturbance of labyrinthine-vestibular function (including Ménière's disease),

characterized by a history of frequent attacks of balance disturbance, tinnitus, and progressive loss of hearing." 20 C.F.R. pt. 404, subpt. P, app. 1, § 2.07. To meet or equal this Listing, a claimant must show both: "A. Disturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests; and B. Hearing loss established by audiometry." *Id.*

Plaintiff directs the Court's attention to evidence purportedly either overlooked or improperly considered by the ALJ and which Plaintiff asserts is sufficient to meet the requirements of Listing 2.07. *Brief* [#15] at 5-8. In part, that evidence is as follows. Regarding a history of frequent attacks of balance disturbance, Plaintiff points to a January 17, 2014 visit with Todd Beatty, M.D. ("Beatty"), where he complained of having "some episodes of brief dizziness," Tr. 220, and to a June 3, 2014 visit with Dr. Beatty, where he complained of being "still off balance," Tr. 217. Plaintiff also points to a March 6, 2015 visit to University of Colorado Hospital where he complained of: "Sudden onset vertigo in 2013 following surgery left ear (stapedectomy). Vertigo lasting several months. Now has chronic sense of imbalance." Tr. 210. Regarding a history of tinnitus, Plaintiff points to a July 26, 2016 visit to Joseph Sever, M.D., where one of Plaintiff's chief complaints was chronic tinnitus. Tr. 248. Regarding a history of progressive loss of hearing, Plaintiff points to a September 18, 2013 visit with Dr. Beatty, where he complained of "slow decreasing hearing," Tr. 223, and to a July 26, 2016 visit to Joseph Sever, M.D., where one of Plaintiff's chief complaints was hearing loss in his left ear. Tr. 248. Regarding a disturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests, Plaintiff points to a June 3, 2014 visit with Dr. Beatty, where "[c]aloric testing confirmed significant reduced reactivity in the operated ear," and "[f]indings [were] consistent with a

noncompensated left peripheral vestibulopathy." Tr. 217. Plaintiff also points to a March 6, 2015 visit to University of Colorado Hospital where he underwent a vestibular comprehensive test battery, and the March 16, 2015 follow-up visit with Carol A. Foster, M.D., where he was assessed as having "near complete loss of vestibular function left ear with preserved saccular function." Tr. 213. Regarding hearing loss established by audiometry, Plaintiff points to a September 18, 2013 visit with Dr. Beatty where he noted that an "[o]utside audiogram reveals a bilateral mixed hearing loss with bone notching at 2000 Hz consistent with Carhart's notch. Left ear worse than the right." Tr. 223.

Ultimately, whether a claimant's impairment meets or equals an Appendix 1 listing at step three is one of those determinations reserved to the ALJ. *See* 20 C.F.R. §§ 404.1527(e), 413.927(e); SSR 96-5p, 1996 WL 374183 *2. The Court here does not make any findings as to whether Plaintiff's impairments are supported by the requisite objective medical evidence such that he meets or equals Listing 2.07. The Court further makes no comment on whether the ALJ should find that Plaintiff's impairments meet or equal Listing 2.07. However, the Court finds that Plaintiff has directed the Court's attention to sufficient evidence (not all of which is cited above) demonstrating that Plaintiff's impairments *may* meet or equal Listing 2.07 such that the ALJ must provide a clearer analysis as to her reasons why Plaintiff's impairments do or do not meet or equal this Listing. SSR 96-5p, 1996 WL 374183 *3 (noting that the ALJ must "evaluate all evidence in the case record that may have a bearing on the determination or decision of disability"). This, of course, *may* involve evaluating the opinions of Dr. Beatty and Dr. Foster to the extent their opinions, as opposed to simply the underlying objective medical evidence, impact the ALJ's step three analysis. *See Brief* [#15] at 10-13; *see, e.g., Harrold v. Berryhill*, 714 F. App'x 861, 869-70

(10th Cir. 2017) (holding that an ALJ's failure to properly consider medical source opinions was not harmless where, "if credited by the ALJ on remand," they "could alter the ALJ's RFC determination and potentially change the outcome").

In determining that Plaintiff's impairments did not meet or equal Listing 2.07, the ALJ relied in part on the State agency assessment by Michael Weaver, M.D. ("Weaver"), who found that Plaintiff did not meet or equal any Listing. Tr. 16 (citing Tr. 53-64). Defendant argues that Plaintiff's challenge to the ALJ's assessment fails because Plaintiff does not explicitly dispute Dr. Weaver's finding. *Response* [#16] at 10. If Dr. Weaver had articulated reasons why he believes that Plaintiff does not meet or equal Listing 2.07, Defendant may have been correct. However, Dr. Weaver's opinion merely implicitly finds, without explanation, that Plaintiff does not meet the requirements before continuing on to a RFC analysis. Tr. 58. Thus, Dr. Weaver's opinion does nothing to alleviate the ALJ's duty to make clear her reasoning at every step of the process. *See, e.g.*, *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) ("We must remand because we cannot meaningfully review the ALJ's determination absent findings explaining" her decision in sufficient detail.).

Finally, the Court notes that "an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment." *See Fischer–Ross*, 431 F.3d at 733. However, considering the requirements of Listing 2.07 and the evidence Plaintiff has pointed to in support of that Listing, the Court finds that the ALJ's discussion at step four does not provide the requisite clarity as to step three that is contemplated by *Fischer–Ross v. Barnhart*, where findings at step four and five "clearly reject[ed] any notion" that the claimant could meet the step three Listing requirements. *See id.* at 734.

## IV. Conclusion

For the foregoing reasons,[4]

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.[5]

IT IS FURTHER **ORDERED** that Plaintiff is **AWARDED** his costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1). See *Knuutila v. Colvin*, 127 F. Supp. 3d 1146, 1153 (D. Colo. 2015).

IT IS FURTHER **ORDERED** that the Clerk of Court shall enter judgment in favor of Plaintiff and **close** this case.

Dated: March 5, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[4] Because the Court reverses and remands at step three, it need not reach Plaintiff's contentions of error at later steps of the process. See, e.g., *Clifton*, 79 F.3d at 1010 ("Because we reverse and remand for additional proceedings at step three, it is unnecessary for us to reach appellant's contentions of error at step five."). However, should the ALJ again find that Plaintiff is not disabled at step three, the ALJ may, if she so chooses, address or clarify her opinion as to any other issues Plaintiff has raised in his briefing as to steps four and five. See *id.*

[5] The Court finds that this case does not present a proper occasion on which to exercise its discretion and direct the award of benefits. See *Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993). By reversing the ALJ's decision, the Court does not find or imply that Plaintiff is or should be found disabled. See, e.g., *Knuutila v. Colvin*, 127 F. Supp. 3d 1146, 1152 n.5 (D. Colo. 2015).